## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Cristina McClintock, <br><br> Plaintiff, <br><br> v. <br><br> Credit Services, Inc., <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by this Defendant in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts occurred here, Plaintiff resides here, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff Cristina McClintock ("Ms. McClintock") is a natural person who resides in the County of Ionia, State of Michigan,

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Defendant Credit Services, Inc. ("CSI"), is a domestic corporation.

7. CSI conducts business in Michigan.

8. CSI maintains offices in Hancock, Michigan and Iron Mountain, Michigan.

9. As of the date of filing, CSI's website, at http://www.csipays.com/index.php, indicates that "CSI is a collection agency in Upper Michigan and has been serving businesses for over 65 years by providing high-quality and compassionate debt collection services for our clients."

10. Defendant CSI uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant CSI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. As of the date of filing, CSI's website, at http://www.csipays.com/services-technology.php, indicates:

> **Predictive Dialer**
> The most productive technology in our office is the Predictive Dialer. This eliminates no answers and busy signals freeing our account representatives to speak to live phone contacts. The Predictive Dialer allows our collectors to increase the contact rate to debtors by 70% and gives our company the opportunity to increase our recovery rate for all our clients.

(Emphasis in original.)

## FACTUAL ALLEGATIONS

14. At some point prior to December 1, 2015, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes ("the Debt").

15. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. Plaintiff defaulted on the Debt.

17. Sometime after Plaintiff's default, the debt was consigned, placed, assigned, or otherwise transferred to Defendant CSI for collection from Plaintiff.

18. At all relevant times, Defendant CSI acted on behalf of its client in pursuit of collecting the Debt.

19. Defendant CSI called Plaintiff's cell phone on December 23, 2015.

20. During the call between CSI and Ms. McClintock on December 23, 2015, Ms. McClintock told CSI that all phone calls were inconvenient and to stop calling her telephone.

21. Defendant's response to Ms. McClintock's statement that all calls were inconvenient and her request to stop calling her was that CSI did not need to stop calling her unless Ms. McClintock submitted a written request.

22. 15 U.S.C. § 1692c states in relevant part that "a debt collector may not communicate with a consumer in connection with the collection of any debt … (1) at any …

time or place known or which should be known to be inconvenient to the consumer."

23. The Federal Communications Commission indicated that "Consumers have a right to revoke consent, using any reasonable method including orally or in writing." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, Adopted: June 18, 2015 Released: July 10, 2015.

24. CSI's statement that it could call Plaintiff unless and until she submitted a written request to stop calling was false.

25. CSI's statement that it could call Plaintiff unless and until she submitted a written request to stop calling was misleading.

26. CSI's statement that it could call Plaintiff unless and until she submitted a written request to stop calling was deceptive.

27. Defendant is required by 15 U.S.C. § 1692g(a)(1)-(5) to provide Plaintiff with certain notices during the initial communication, or within five days thereafter.

28. Defendant did not provide Plaintiff all notices required by 15 U.S.C. § 1692g(a) to Plaintiff during the initial communication, or within five days thereafter.

29. Plaintiff has suffered an injury in fact traceable to Defendant CSI's conduct that is likely to be redressed by a favorable decision in this matter.

30. As a direct, actual, and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered actual damages in the form of emotional distress, frustration, upset, and embarrassment, amongst other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant CSI and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

34. Defendant CSI violated 15 U.S.C. § 1692c(a)(1).

35. Defendant CSI violated 15 U.S.C. § 1692d.

36. Defendant CSI violated 15 U.S.C. § 1692e.

37. Defendant CSI violated 15 U.S.C. § 1692e(5).

38. Defendant CSI violated 15 U.S.C. § 1692f.

39. Defendant CSI failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a)(2), during the initial communication, or within five days thereafter.

40. Defendant CSI failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a)(3), during the initial communication, or within five days thereafter.

41. Defendant CSI failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a)(4), during the initial communication, or within five days thereafter.

42. Defendant CSI failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a)(5), during the initial communication, or within five days thereafter.

43. As a result of Defendant CSI's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant CSI.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

# COUNT I.
# VIOLATIONS OF THE
# FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against CSI and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against CSI and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against CSI and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: December 5, 2016

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com